IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DWYER, | |
|     Plaintiff, | No. C 07-02309 JSW |
|   v. | **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |
| DYNETECH CORP., | |
|     Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 14, 2007 AT 9:00 A.M.

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS IN PART AND DENIES IN PART Defendant's motion as follows: (1) the Court tentatively concludes the arbitration agreement is enforceable and shall stay the action in favor of arbitration to occur within this judicial district, and (2) tentatively denies as moot the motion to dismiss.**

The parties each shall have fifteen minutes to address the following questions:

1.  Defendants move to dismiss on the basis of the forum selection clause. That clause, however, is contained within the arbitration clause. Why should the Court not evaluate whether the arbitration clause is enforceable before it evaluates the issue of venue? *See, e.g., Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006) (addressing validity of forum selection clause pertaining to arbitration agreement in the context of determining whether arbitration agreement was substantively unconscionable).

    a.  Do the parties believe that, at this time, there is sufficient information before the Court for the Court to resolve the question of whether the arbitration clause is enforceable? If not, what additional information do the parties believe is necessary?

    b.  Defendants assert that Plaintiff did not request any changes to the Letter Agreement. Can Defendants represent to the Court that if Plaintiff had objected to the Arbitration Agreement, they would have agreed to remove that provision of the Letter Agreement?

    c.  The Court recognizes that Plaintiff contends that the Arbitration Agreement's provisions would not enable him to vindicate his statutory rights. Setting that argument aside, are there any claims for relief that Plaintiff contends cannot be arbitrated? *See, e.g., Gilmer v. Interstate Johnson/Lane Corp.*, 500 U.S. 20, 26-28 (1991) (statutory claims may be arbitrated "unless Congress itself has evinced an intention to preclude waiver of judicial remedies for the statutory rights at issue," and the litigant can effectively vindicate "[his or her] statutory cause of action in the arbitral forum").

2.  What is the Defendants' position on the amount of fees, if any, Plaintiff would be required to pay to arbitrate these claims? *See Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 113 (2000) ("a mandatory employment arbitration agreement that contains within its scope the arbitration of FEHA claims impliedly obliges the employer to pay all types of costs that are unique to arbitration").

3.  Given the Defendants' alternative request that the Court stay the action in favor of arbitration, do Defendants have any authority to support the proposition that the Court should not construe their motion as a petition to compel arbitration? If not, do Defendants concede that under Ninth Circuit authority, this Court must compel arbitration within this judicial district. *See, e.g., Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 968-69 (9th Cir. 1941); *see also Homestake Lead Company of Missouri v. Doe Run Resources Corp.*, 282 F. Supp. 2d 1131, 1143-1144 (N.D. Cal. 2003) (noting concern with this interpretation but finding that court was precluded from ordering arbitration in contractually designated forum)?

4.  Are there any other issues the parties wish to address?

Dated: September 11, 2007

                                                  JEFFREY S. WHITE
                                                  UNITED STATES DISTRICT JUDGE