IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATTHEW DWYER,

    Plaintiff,

v.

DYNETECH CORP.,

    Defendant.

No. C 07-02309 JSW

**ORDER GRANTING IN PART AND DENYING AS MOOT IN PART MOTION TO DISMISS**

## INTRODUCTION

This matter comes before the Court upon consideration of the motion to dismiss or, in the alternative, to stay filed by Defendants Dynetech Corp., Dynetech Services Corp., and Telegenix Corporation (formerly known as Life Skills Corporation) (collectively "Defendants"). Having considered the parties' pleadings, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS IN PART AND DENIES AS MOOT IN PART Defendants' motion for the reasons set forth in the remainder of this Order.

## BACKGROUND

In February 2006, Plaintiff Matthew Dwyer ("Plaintiff") applied for an Instructor In Training Program with Defendant Dynetech Corp. (First Amended Complaint ("FAC"), ¶ 8.) Plaintiff and Defendants went through a phone interview and an in-person interview in late February and early March 2006. (*Id.* ¶¶ 9-10.) Plaintiff has multiple sclerosis and, as a result of his condition, has some mobility restrictions. (*Id.*, ¶¶ 7, 9.)

On or about March 26, 2006, Plaintiff signed a letter agreement, entitled "Independent Contractor Agreement Between Life Skills Corporation and Matthew Dwyer as an Instructor in Training for CSF" (hereinafter the "Letter Agreement"). (*Id.*, ¶ 11; Declaration of Linda Metcalf in Support of Defendant's Motion to Dismiss or Stay Plaintiff's First Amended Complaint ("Metcalf Decl."), Ex. D.) As is pertinent to this motion, Paragraph 5 of the Letter Agreement (hereinafter "the Arbitration Agreement") provides:

> 5. Any controversy or claim arising out of or relating to this contract, or the breach of it, with the exception of those related to Paragraph 3, shall be settled by mandatory arbitration and judgment upon the award rendered by the arbitrator(s) shall be entered in any court having jurisdiction. You consent to the exclusive jurisdiction and venue of an appropriate court and a situs for arbitration located in Orange County, State of Florida.
>
> a. In any arbitration proceeding, each party shall have the right to obtain reasonable discovery from the other party, including depositions on oral examination or by written questions, production and inspection of documents, or otherwise, in order to discover matters not privileged and relevant to the subject matter of the controversy. The award entered in any such proceeding may grant any remedy or relief that the arbitrator deems just and equitable, including, but not limited to, any remedy or relief that would have been available to the parties had the matter been heard in court.
>
> b. In the event litigation or any other action results from or arises out of the provisions set out in this Agreement, or the performance thereof, both parties content to the exclusive jurisdiction and venue of an appropriate court located in Orange County, Florida and agree to reimburse the prevailing party's reasonable attorney's fees, court costs, and any and all expenses, taxable by the court as costs, in addition to any other relief which the prevailing party may be entitled. This agreement and all transactions contemplated hereby, shall be governed by, construed and enforced in accordance with the laws of the State of Florida, except for its laws regarding conflict of laws. Nothing in this paragraph shall override the arbitration provisions of paragraph five (5) of this Agreement.
>
> c. As to Paragraph 3, and to the extent cognizable at law, we may obtain, in the event of a breach or threatened breach and in addition to any and all other remedies available to us, injunctive relief, regardless of whether we, as the injured party, can demonstrate irreparable injury or no adequate remedy exists at law. For that purpose, you acknowledge without reservation that we have a legitimate business interest to protect and have fairly and reasonably done so under the provisions of Paragraph 3.

(*Id.* at p. 4.)[1]

---

[1] Paragraph 3 of the Agreement is a non-competition provision and a provision pertaining to the protection of Defendants' intellectual property.

2

Plaintiff's First Amended Complaint consists primarily of claims for relief directed to alleged discrimination. However, Plaintiff also seeks a declaration that the Arbitration Agreement is invalid on the ground that it is unconscionable and seeks a declaration that the forum selection clause and choice of law provisions within the Arbitration Agreement are invalid because "they are unreasonable and unconscionable in their own right." (FAC, ¶¶ 47-54.)

**ANALYSIS**

Defendants move to dismiss the FAC on three bases: (1) Plaintiff filed this action in an improper venue in light of the forum selection clause; (2) the parties agreed to arbitrate their claims in Florida; and (3) Plaintiff fails to state a claim because he is an independent contractor. As an alternative to dismissal, Defendants request that the Court stay the action. Neither party, however, has asked the Court to compel arbitration. The Court concludes that it is appropriate to resolve this motion on the question of whether the Arbitration Agreement is enforceable.[2]

**A.     Applicable Legal Standards.**

Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Once the Court has determined that an arbitration agreement involves a transaction involving interstate commerce, thereby falling under the FAA, the Court's only role is to determine whether a valid arbitration agreement exists and whether the scope of the parties' dispute falls within that agreement. 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Because there is no dispute that Plaintiffs' discrimination claims fall within the scope of the Arbitration Agreement, the only issue is whether the Arbitration Agreement is enforceable, which is the subject of the declaratory relief claim.

---

[2] The Court, therefore, does not reach the remainder of the Defendants' arguments in favor of dismissal, and the motion is DENIED AS MOOT as to those arguments.

3

The FAA represents the "liberal federal policy favoring arbitration agreements" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). Under the FAA, "once [the Court] is satisfied that an agreement for arbitration has been made and has not been honored," and the dispute falls within the scope of that agreement, the Court must order arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967). Notwithstanding the liberal policy favoring arbitration, by entering into an arbitration agreement, two parties are entering into a contract. *See Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 479 (1989) (noting that arbitration "is a matter of consent, not coercion"). Thus, as with any contract an arbitration agreement is "subject to all defenses to enforcement that apply to contracts generally." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003.)

Where, as here, a litigant sues to enforce statutory claims, that fact alone will not necessarily preclude arbitration. The Supreme Court has "recognized that federal statutory claims can be appropriately resolved through arbitration, and [it has] enforced agreements to arbitrate that involve such claims." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000). If statutory claims are involved and an arbitration agreement exists, the agreement should be enforced if the litigant can effectively vindicate his or her statutory claim for relief in arbitration, "unless Congress itself has evinced an intention to preclude waiver of judicial remedies for the statutory rights at issue." *Gilmer v. Interstate Johnson/Lane Corp.*, 500 U.S. 20, 26-28 (1991) (emphasis added); *see also Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 99-102 (2000) (noting that claims under California's Fair Housing and Employment Act may be arbitrated, so long as a party may vindicate his or her statutory rights and setting forth procedural protections required); *Romano ex Rel. Romano*, 861 So. 2d 59, 62 (2003) ("Although parties may agree to arbitrate statutory claims, ... arbitration must

4

provide the prospective litigant with an effective way to vindicate his or her statutory cause of action in the arbitral forum.").[3]

### 1. The Arbitration Agreement Is Enforceable.

The analysis of whether the Arbitration Agreement is unconcscionable "begins with an inquiry into whether the contract is one of adhesion." *Armendariz,* 24 Cal. 4th at 113. The Court's focus in this case is on the Arbitration Agreement, rather than on the Letter Agreement in its entirety. *See Buckeye Check Cashing, Inc. v. Cardegna*, __ U.S. __, 126 S.Ct. 1204, 1209 (2006); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1268 (9th Cir. 2006).

As the *Armendariz* court explained, a contract of adhesion "'signifies a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'" *Id.* (quoting *Neal v. State Farm Ins. Co.*, 188 Cal. App. 2d 690, 694 (1961)). When a party challenges an arbitration agreement on the basis of unconscionability, that party must demonstrate that the arbitration agreement is both procedurally and substantively unconscionable. *See id.* at 114; *Romano*, 861 So. 2d at 62 ("To decline to enforce a contract as unconscionable, the contract must be both procedurally unconscionable and substantively unconscionable.") Although a party must establish both elements, those elements exist on a sliding scale. *Id.*; *see also Romano*, 861 So. 2d at 62. "In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz*, 24 Cal. 4th at 114.

### a. Plaintiff has met his burden to show that the Arbitration Agreement is procedurally unconscionable.

"Procedural unconscionability addresses the manner in which agreement to the disputed term was sought or obtained, such as unequal bargaining power between the parties and hidden terms included in contracts of adhesion." *Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1099 (2002); *cf. Armendariz*, 24 Cal. 4th at 114 (procedural element focuses on "oppression" or

---

[3] Although the Arbitration Agreement provides that it will be governed by Florida law, the Defendants do not address Florida law in their opening brief and do not suggest in reply that the Court should analyze this question using Florida law.

5

1 "surprise"); *cf. Romano*, 861 So. 2d at 62 ("Procedural unconscionability refers to the
2 individualized circumstances under which the contract is entered, while substantive
3 unconscionability deals with the unreasonableness and unfairness of the contractual terms
4 themselves."). "When a weaker party is presented the clause and told to 'take it or leave it'
5 without the opportunity for meaningful negotiation, oppression, and therefore procedural
6 unconscionability" will be present. *Szetela*, 97 Cal. App. 4th at 1100. Defendants contend that
7 Plaintiff presented himself to them as a sophisticated business person. That fact, however, is
8 not dispositive. *See Nagrampa*, 469 F.3d at 1283 ("the sophistication of a party, alone, cannot
9 defeat a procedural unconscionability claim").

10 In this case, the Arbitration Agreement is found on page four of the seven page Letter
11 Agreement, and it is set the same typesize and font as the remainder of the provisions of the
12 Letter Agreement. Defendants argue that Plaintiff had ample time to review the Arbitration
13 Agreement, which was sent to him on March 24, 2006 by Federal Express and returned on
14 March 28, 2006. Defendants also note that the Letter Agreement concludes with the following
15 language: "[I]f the above meets with your approval and understanding of the conditions of
16 engagement, I would ask you to please initial each page, sign both copies of this letter,
17 returning both to us, so we can countersign them. ... *Should you have any questions pertaining*
18 *to this letter, please feel free to contact us directly."* (Fernandez Decl., Ex. D at p. 7 (emphasis
19 added).) Plaintiff did initial each page, signed and dated the letter, and based on the record
20 before the Court, had no questions for the Defendants. These facts weigh against a finding of
21 procedural unconscionability. *See Davis v. O'Melveny and Meyers*, 485 F.3d 1066, 1073 (9th
22 Cir. 2007) (arbitration clause was not hidden from employees and noting that employer gave
23 ample notice of dispute resolution procedure, had persons available with whom employees
24 could consult, and that there was no evidence of undue pressure on employees); *cf. Gainesville*
25 *Health Care Center v. Weston*, 857 So. 2d 278, 285 (Fla. App. 2003) (reversing finding of
26 procedural unconscionability where record demonstrated plaintiff had time to review terms of
27 arbitration clause, asked no questions, and where clause was not hidden).
28

6

Plaintiff primarily argues that the Arbitration Agreement is procedurally unconscionable because Defendants presented to him on a "take it or leave it" basis. In his declaration in opposition to Defendants' motion, Plaintiff attests that he "believed that [he] could not negotiate any portion of the [Letter] Agreement ... [and] believed that if [he] negotiated any portion of the [Letter] Agreement, [he] would forego a job opportunity with Defendants." (Declaration of Matthew Dwyer ("Dwyer Decl."), ¶ 14.) Defendants have not rebutted this contention. Thus, on the record before the Court, it is undisputed that Defendants drafted the Arbitration Agreement and presented it to Plaintiff as part of the Letter Agreement without a meaningful opportunity to opt out of its terms and still obtain employment with Defendants.[4]

Although the showing may be minimal, the Court concludes that Plaintiff has met his burden to show that the Arbitration Agreement is procedurally unconscionable. *See, e.g., Davis*, 485 F.3d at 1073 ("if an employee has a meaningful opportunity to opt out of the arbitration provision when signing the agreement and still preserve his or her job, then it is not procedurally unconscionable"); *Ingle*, 328 F.3d at 1172-73 (finding arbitration clause presented to employee, without meaningful opportunity to opt-out and retain employment, was procedurally unconscionable).

### b. Plaintiff has not met his burden to show the Arbitration Agreement is substantively unconscionable.

Plaintiff first asserts that the Arbitration Agreement is substantively unconscionable because it requires Plaintiff to arbitrate all of his claims but permits Defendants to litigate those claims that it would be most likely to bring against Plaintiff. In *Armendariz,* the California Supreme Court stated that arbitration agreements require a "modicum of bilaterality" to be enforceable. *Armendariz*, 24 Cal. 4th at 117. Although the *Armendariz* court found the agreement in question to be lacking in mutuality, the court recognized that in some cases an

---

[4] The Court expresses no opinion on whether Plaintiff was an employee or an independent contractor and believes that is an issue that would be addressed more appropriately by an arbitrator. However, for purposes of resolving this motion, the Court assumes that the rationale of *Armendariz* should apply to determine whether the Arbitration Agreement is or is not enforceable.

7

employer might be able to demonstrate that business realities required the exclusion of certain types of claims from the arbitration process. *Id.* at 117-18.

In this case, the Arbitration Agreement provides that "[a]ny controversy or claim arising out of or relating to this contract, or the breach of it, with the exception of those related to Paragraph 3, shall be settled by mandatory arbitration ... ." (Metcalf Decl, Ex. D.) By its terms that language applies both to the Plaintiff and to the Defendants. This fact distinguishes the Arbitration Agreement in this case from, by way of example, the arbitration clause in *Nagrampa*, which provided that the arbitration clause "shall not be construed to limit [defendant's] right to obtain any provisional remedy, including, without limitation, injunctive relief ... as may be necessary in [defendant's] sole subjective judgment, to protect its Service Marks and proprietary information." *Nagrampa*, 469 F.3d at 1265.

Rather, the plain language of the Arbitration Agreement suggests that if Plaintiff wished to bring a declaratory relief claim against the Defendants with respect to the provisions Paragraph 3, he would not be required to arbitrate that claim. Similarly, the plain language of the Arbitration Agreement suggests that Defendants would be required to arbitrate any claim arising out of a breach of Paragraph 9, which details a list of activities and statements that employees are prohibited from making or taking. Accordingly, the Court concludes that the Arbitration Agreement satisfies the "modicum of bilaterality" required by *Armendariz.*

Plaintiff also argues that the arbitration clause is substantively unconscionable because it omits the procedural protections required by *Armendariz*, namely: (1) provisions for a neutral arbitrator; (2) "more than minimal discovery;" (3) that an award will be in writing; (4) the availability of all remedies "that would otherwise be available [to Plaintiff] in court;" and (5) the assurance that Plaintiff will not be required to pay "either unreasonable costs or any arbitrator's fees or expenses." *See Armendariz*, 24 Cal. 4th at 102. The Court concludes that Plaintiff's arguments on this point are not well taken.

The Arbitration Agreement is silent on the question of a neutral arbitrator, but the Court does not take that silence to mean a biased arbitrator is the default conclusion. Moreover, the Arbitration Agreement expressly provides that Plaintiff will be able to take depositions and

8

written discovery. Furthermore, the Arbitration Agreement does not expressly exclude any remedies, unlike the arbitration clause at issue in *Armendariz*, which set forth express limitations on the remedies available in arbitration. *Cf. Romano*, 861 So. 2d at 62-63 (concluding arbitration clause was substantively unconscionable because it expressly limited the plaintiff to certain remedies and, thus, precluded statutory remedies). Further, there is "nothing in [the Arbitration Agreement] that precludes ... written findings," and under *Armendariz*, to the extent Plaintiff's claims are brought under FEHA, "the agreement must be interpreted to provide for such findings." *Armendariz*, 24 F.3d at 107. Finally, with respect to the issue of fees and costs, the Arbitration Clause is silent. Again, under *Armendariz*, "a mandatory employment arbitration agreement that contains within its scope the arbitration of FEHA claims impliedly obliges the employer to pay all types of costs that are unique to arbitration." *Id.* at 113; *cf. Flyer Printing Co. v. Hill*, 805 So. 2d 829, 833 (Fla. App. 2001) (refusing to enforce arbitration agreement where agreement expressly required plaintiff to bear half the fees and costs associated with arbitration). Thus, if either party goes forward with arbitration, Defendants will be obliged to pay any costs uniquely associated with arbitration.

Accordingly, for the reasons set forth above, the Court concludes that Plaintiff has not met his burden to show that the Arbitration Agreement is substantively unconscionable. It is, therefore, enforceable. The only issue that remains is whether the Court should dismiss or stay the action.[5]

Defendants have moved in the first instance to dismiss this action and ask for a stay as an alternative. It is within the Court's discretion to determine whether dismissal is appropriate. *See Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 637-638 (9th Cir. 1988). Where, as here, the remainder of Plaintiff's claims are arbitrable, the Ninth Circuit has approved dismissal in lieu of a stay. *Id.*; *see also Johnston v. Beazer Homes*, 2007 WL 708555 at * 4 (N.D. Cal.

---

[5] Although the Court issued a tentative ruling in which it noted that it was inclined to grant Defendants' motion and to compel arbitration to occur within this judicial district, the Court is satisfied that Defendants have not actually petitioned the Court to compel arbitration. Thus, the Court concludes this case is factually distinct from *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 968-69 (9th Cir. 1941).

9

Mar. 2, 2007) (granting motion to dismiss based on agreement to arbitrate and finding venue issues moot).

## CONCLUSION

For the reasons set forth herein, Defendants' motion is GRANTED IN PART AND DENIED AS MOOT IN PART.  A separate judgment shall issue, and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: September 17, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE